# Exhibit 1



*1105 W. Peachtree St. NE, Suite 1000*
*Atlanta, Georgia 30309-3608*
*Tel: 404 815-3500*
www.sgrlaw.com

*Andrew M. Thompson*
*Direct Dial:  404-815-3701*
*Direct Facsimile:  404-685-7001*
*Email:  athompson@sgrlaw.com*

March 18, 2026

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**Certified Mail Receipt**
**No. 7016 2070 0000 2904 2367**
Owner/Managing Agent
SCorUSA, LLC
3706 S. Railroad Street
Phenix City, AL 36867

**Certified Mail Receipt**
**No. 9589 0710 5270 1885 8582 71**
Owner/Managing Agent
Aspire at Old Guard, LLC
3706 S. Railroad Street
Phenix City, AL 36867

**Certified Mail Receipt**
**No. 9589 0710 5270 1885 8583 49**
Owner/Managing Agent
Steve Corbett Construction
2814 Stadium Drive, Suite C
Phenix City, AL 36867

**Certified Mail Receipt**
**No. 9589 0710 5270 1885 8582 88**
Mr. Steven W. Corbett
2814 Stadium Drive, Suite C
Phenix City, AL 36867

Re:    **Notice of Intent to Sue under Section 505 of the Clean Water Act, 33 U.S.C. § 1365**

Dear Sirs:

This firm represents Chattahoochee Riverkeeper, Inc. ("CRK") in matters relating to the development of the Aspire at Old Guard Road Site located at 2010 Old Guard Road, Columbus, Georgia 31909 (the "Old Guard Road Site") by Aspire at Old Guard, LLC, SCorUSA, LLC, Steven W. Corbett, and Steve Corbett Construction (collectively "Corbett" or "you").

According to Muscogee County property records, Aspire at Old Guard, LLC is the current owner of the Old Guard Road Site, and Steven W. Corbett was the owner of the Old Guard Road Site from August 5, 2019 until February 19, 2025, when he transferred it to Aspire at Old Guard, LLC.

The purpose of this letter is to inform you that CRK intends to bring a citizen suit 60 days from the date of this letter under section 505 of the federal Clean Water Act ("CWA") against you for the unlawful discharge of pollutants and the other violations described below.  The

March 18, 2026
Page 2

lawsuit will seek injunctive relief, civil penalties, and attorneys' fees and expenses of litigation, for violations of the CWA and the Georgia Water Quality Control Act ("GWQCA").

As you may be aware, CRK is a nonprofit corporation with more than 10,000 members and with offices in Atlanta, LaGrange, and Gainesville, Georgia. CRK's mission is to advocate and secure the protection and stewardship of the Chattahoochee River and its tributaries and watershed, in order to restore and conserve their ecological health for the people, fish and wildlife that depend on the river system. The Old Guard Road Site discharges to two unnamed tributaries to Heiferhorn Creek, which is a tributary to Standing Boy Creek and to the main stem of the Chattahoochee River at Lake Oliver.

CRK members recreate and fish in, on, or near Heiferhorn Creek, Standing Boy Creek and the Chattahoochee River downstream of the discharge, which includes the City of Columbus's Whitewater Park utilized by more than 50,000 people annually for rafting and kayaking. The quality of the Chattahoochee River and its tributaries directly affects the recreational, aesthetic and environmental interests of CRK's members.

The violations in question arise out of (1) the ongoing unlawful discharge of pollutants and pollutant-laden storm water from the Old Guard Road Site into two unnamed tributaries to Heiferhorn Creek, Heiferhorn Creek, Standing Boy Creek, and ultimately the Chattahoochee River; and (2) the ongoing unlawful encroachment into and destruction of the vegetative buffer of the unnamed tributary to Heiferhorn Creek that runs through the middle of Old Guard Road Site (hereinafter the "Long Unnamed Tributary").[1]

The Chattahoochee River, Standing Boy Creek, and Heiferhorn Creek and its tributaries are waters of the State of Georgia for purposes of the GWQCA, and waters of the United States for purposes of the CWA.

The following violations of the CWA have occurred and continue to occur as a result of the activities at the Old Guard Road Site.

## I.    Corbett Has Violated the General Permit and Discharged Pollutants Without a Permit.

Section 1311 of the CWA states "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title, the discharge of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a). Section 1342 of the CWA makes it unlawful for any person to discharge from a point source without a National Pollutant Discharge Elimination System ("NPDES") permit.

---

[1] The second unnamed tributary on the Old Guard Road Site is south of and shorter than the Long Unnamed Tributary.

March 18, 2026
Page 3

On August 1, 2000, the General NPDES Permit for Discharges of Storm Water from Construction Activities, GAR100001 (the "General Permit") was issued in Georgia. The General Permit has been reissued on multiple occasions since that time and requires property owners engaging in activities resulting in land disturbance equal to or greater than one acre to file a notice of intent at least 14 days prior to commencement of such activities and comply with the provisions of the Permit.

The Old Guard Road Site is approximately 25 acres in size, is being developed as an apartment complex and land-disturbing activities began at the Site in July 2024 during the ownership of Steven Corbett and have continued during the ownership of Aspire at Old Guard, LLC. As rain falls on exposed soils, erosion and sedimentation occurs and results in the discharge of storm water laden with sediment, sand, dirt, rock and other pollutants into nearby waters. As an example, representatives of CRK witnessed the discharge of sediment-laden storm water associated with land-disturbing activities from the Old Guard Road Site to the unnamed tributaries to Heiferhorn Creek on February 12, 2025, February 4, 2026, February 11, 2026, March 2, 2026, and March 5, 2026, and similar discharges of pollutant-laden storm water have occurred, and will continue to occur, each time that it rains.

On or about August 3, 2023, a notice of intent ("NOI") was submitted by Steven Corbett on behalf of "Steve Corbett Construction" seeking coverage under the General Permit to discharge storm water from land-disturbing activities at the Old Guard Road Site. However, according to Muscogee County property records, Steve Corbett Construction has never been the owner of the Site.

Therefore, the August 2023 NOI, and all subsequent NOIs which continue to list Steve Corbett Construction as the owner, are deficient under Part II.B.1.b of the General Permit and do not otherwise meet the requirements of Part II to obtain authorization to discharge under the General Permit.[2] Given the deficiencies in the NOI, the continuing discharge of pollutants in storm water from land-disturbing activities at the Old Guard Road Site violates 33 U.S.C. § 1311. The discharges are ongoing and unlawful under the CWA, 33 U.S.C. § 1311, the GWQCA, O.C.G.A. § 12-5-21 *et seq.*, and federal and state regulations.

CRK has also observed multiple, additional legal violations at the Old Guard Road Site, including but not limited to:

(1) the failure to install functional and sufficient sediment basins prior to conducting clearing, grubbing, grading and other land-disturbing activities, which is in violation

---

[2] In addition to not being the owner of the Old Guard Road Site, "Steve Corbett Construction" does not appear to be legal name of any entity. (General Permit at § II.B.1.b (requiring the "legal name" of the owner and operator of the construction site)).

March 18, 2026
Page 4

of Parts III.D.2 and IV.D.3 of the General Permit, and constitutes a continuing violation of the General Permit for each day on which construction activities occurred (General Permit at § III.D.2 ("Failure to comply shall constitute a violation of this permit for each day on which construction activities occur"))—such failures include but are not limited to clearing the Site without any of the six temporary sediment storage basins or four permanent basins being installed, the six temporary sediment basins never being installed, and the failure to properly install the four permanent basins in accordance with the approved erosion and sediment control plans;

(2) the failure to properly design, install, and maintain adequate erosion control measures, including best management practices ("BMPs"), as required by Parts III.D and IV.D.3 of the General Permit with such BMP failures including but not limited to the failure to properly design, install, and maintain silt fences (Sd1), inlet protection (Sd2), filter rings (Fr), diversion structures (Di), skimmers (Sk), outlet protection (St), and matting and blankets (Mb);

(3) the failure to construct stream crossing in accordance with the approved erosion and sediment control plans;

(4) the failure to install all of the stormwater drainage piping as shown on the erosion and sediment control plans for the current phase of the development of the Site which failure results in the permanent sediment basins not receiving the intended stormwater flows and the required sediment storage not being provided for the Site; and

(5) the failure to properly stabilize and cover disturbed areas as required by Part IV.D.3 of the General Permit, the GWQCA and the Georgia Erosion and Sedimentation Control Act, with many disturbed areas left without stabilization for more than 14 days after temporary or permanent ceasing of construction activities.

These violations have resulted in silt, sediment and other pollutants being discharged to the two unnamed tributaries to Heiferhorn Creek during each and every rain event since the Site was cleared in July 2024, and the violations are continuing to result in the pollution and degradation of Heiferhorn Creek and its unnamed tributaries.

The pollution is demonstrated by, among other things, your storm water monitoring results dated November 19, 2024, May 29, 2025, and September 25, 2025—**all** of those results document exceedances of the turbidity limits of the General Permit (at p. 19, §§ III.D.4 & 5), and constitute "double" violations of the General Pemit given your failure to properly design, install, and maintain BMPs on each of those dates. In addition, you have failed to take corrective action as required by Part III.D.6 of the General Permit and failed to conduct the additional storm water monitoring required by Part IV.D.6(d)(3)(c), both of which also constitute numerous and

March 18, 2026
Page 5

repeated violations of the General Permit.[3]

The sediment-laden runoff from the Old Guard Road Site is further causing and contributing to a violation of Georgia's narrative water quality standards, DNR Rules 391-3-6-03(5)(c) & (d), as incorporated into Part I.C.4 of the General Permit. *See* DNR Rule 391-3-6-03(5)(c) ("All waters shall be free from material related to municipal, industrial or other discharges which produce turbidity, color, odor or other objectionable conditions which interfere with legitimate water uses"); DNR Rule 391-3-6-03(5)(d) ("All waters shall be free from turbidity which results in a substantial visual contrast in a water body due to man-made activity").

Moreover, you have failed to comply with numerous requirements of the General Permit in regard to the land-disturbing activities at the Old Guard Road Site. Your continuing and ongoing violations of the General Permit include but are not limited to the following: (1) the failure to conduct all turbidity sampling and monitoring in accordance with Part IV.D.6(d)(3) of the General Permit; (2) the failure to provide monitoring reports and additional reporting to EPD in accordance with Part IV.E of the General Permit; (3) the failure to conduct inspections of the Site in accordance with Part IV.D.4 of the General Permit; (4) the failure to retain records in accordance with Part IV.F of the General Permit; and (5) the failure to document and report violations of the General Permit to EPD in accordance with Part V.A.2. Such violations are ongoing and unlawful under the CWA, 33 U.S.C. § 1311, the GWQCA, O.C.G.A. § 12-5-21 *et seq.*, and federal and state regulations.

## II.    Corbett Has Destroyed The Vegetative Buffer of the Long Unnamed Tributary Without A Variance and In Violation of Georgia's General Permit.

As part of your land-disturbing activities at the Old Guard Road Site, you have also destroyed large sections of vegetative buffer on the Long Unnamed Tributary to Heiferhorn Creek. You have impacted such stream buffer without obtaining a stream buffer variance from Georgia EPD. The continuing impacts to the vegetative buffer constitute a violation of Georgia's General Permit, section 301 of the CWA, and section 12-7-6(b)(15) of the Georgia Erosion and

---

[3] When sampling shows an exceedance of the General Permit's turbidity limit and BMPs are not properly designed, installed, or maintained, Part IV.D.6(d)(3) of the General Permit requires the permittee to conduct storm water sampling for each subsequent rain event that reaches or exceeds 0.5 inches. The rainfall data for the Columbus Metropolitan Airport maintained by the National Oceanic and Atmospheric Administration (NOAA) shows that there were no fewer than forty-one days from July 1, 2024 to the present with rainfall events reaching or exceeding 0.5 inches and thus you have violated the General Permit for each such day on which you failed to conduct the required storm water sampling. In addition, it appears that you did not report the 11/19/24, 5/29/25, and 9/25/25 storm water monitoring results to Georgia EPD until February 5, 2026, which is well outside the timeframe required by Part IV.E of the General Permit.

March 18, 2026
Page 6

Sedimentation Control Act of 1975. *See* 33 U.S.C. § 1311(a); General Permit at § IV.(i) ("**no construction activities shall be conducted within a 25 foot buffer along the banks of all state waters**, as measured horizontally from the point where vegetation has been wrested by normal stream flow or wave action, except where the Director has determined to allow a variance that is at least as protective of natural resources and the environment in accordance with the provisions of O.C.G.A. § 12-7-6") (emphasis added); O.C.G.A. § 12-7-6(b)(15)(B) ("[n]o land-disturbing activities shall be conducted within any such buffer; and a buffer shall remain in its natural, undisturbed state of vegetation until all land-disturbing activities on the site are completed").

All of the above-described actions constitute continuing violations of sections 301 and 402 of the CWA and are therefore actionable under the citizen suit provision of the CWA. The violations are ongoing as of the date of this letter.

The discharges have had, and continue to have, a direct and adverse effect on the unnamed tributaries to Heiferhorn Creek, Heiferhorn Creek, Standing Boy Creek, and the Chattahoochee River, and have interfered with the use and enjoyment of such waters by CRK's members. Sediment and other pollutants discharged from the Site remain in the unnamed tributaries to Heiferhorn Creek and the continuing presence of the illegally discharged sediment in such water body constitutes a continuing violation under the CWA.

Please be advised that, under section 309(d) of the CWA, 33 U.S.C. § 1319(d), each of the above-described violations subjects you to a penalty of up to **$68,445 per day for each day of violation**. 40 C.F.R. § 19.4. In addition to civil penalties, CRK will seek injunctive relief to prevent further violations, and under section 505(d) of the CWA, 33 U.S.C. § 1365(d), a plaintiff prevailing in a citizen suit is able to recover its attorney's fees and expenses of litigation.

In keeping with the requirements of federal regulations, you are hereby notified that the full address and phone number of CRK are as follows:

> Jason Ulseth
> Chattahoochee Riverkeeper, Inc.
> 6020 River View Road SE
> Suite 100
> Smyrna, Georgia 30126
> (404) 352-9828

CRK can be reached by calling the undersigned at 404-815-3701, or writing the undersigned at 1105 W. Peachtree St. NE, Suite 1000, Atlanta, Georgia 30309.

As this is a matter of the utmost seriousness, we urge you to give it your immediate attention.

March 18, 2026
Page 7

Sincerely yours,

SMITH, GAMBRELL & RUSSELL, LLP

Andrew M. Thompson

cc:    Dan Nibblett, Registered Agent
       SCorUSA, LLC
       8204 Cooper Creek Road
       Columbus, GA 31909
       **Certified Mail Receipt No. 9589 0710 5270 1885 8582 95**

       Dan Nibblett, Registered Agent
       Aspire at Old Guard, LLC
       8204 Cooper Creek Road
       Columbus, GA 31909
       **Certified Mail Receipt No. 9589 0710 5270 1885 8583 01**

       Lee Zeldin, Administrator
       Environmental Protection Agency
       401 M Street, SW
       Washington, DC  20460
       **Certified Mail Receipt No. 9589 0710 5270 1885 8583 18**

       Kevin McOmber, Regional Administrator
       U.S. EPA - Region IV
       Sam Nunn Atlanta Federal Center
       61 Forsyth Street, SW
       Atlanta, Georgia 30303-3104
       **Certified Mail Receipt No. 7022 2410 0001 8480 7097**

       Jeff Cown, Director
       Environmental Protection Division
       Georgia Dept. of Natural Resources
       2 Martin Luther King, Jr. Drive
       Suite 1456, East Tower
       Atlanta, Georgia 30334
       **Certified Mail Receipt No. 7022 2410 0001 8480 7103**

March 18, 2026
Page 8

Veronica Craw, Branch Chief
Watershed Protection Branch
Georgia Environmental Protection Division
2 Martin Luther King, Jr. Drive
East Tower, Suite 1470
Atlanta, Georgia 30334
**Certified Mail Receipt No. 7022 2410 0001 8480 7110**