**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC; and STEVEN W. CORBETT,<br><br>Defendants. | ) | Civil Action File<br>No. 4:26-cv-00855-CDL |

**DEFENDANTS' ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Aspire at Old Guard, LLC, SCorUSA, LLC, and Steven W. Corbett, by and through their undersigned counsel, answer the First Amended Complaint ("Complaint") of Chattahoochee Riverkeeper, Inc. as follows. The numbered paragraphs correspond to the numbered paragraphs in the Complaint. Any allegation not otherwise admitted or qualified is denied. To the extent headings in the Complaint contain factual allegations that require a response, the headings are denied.

## DEFENSES

Defendants assert the following defenses:

**First Defense**

All or part of the Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The Court lacks subject matter jurisdiction over some or all of the claims asserted in the Complaint.

**Third Defense**

Some or all of the violations alleged in the Complaint are wholly past and therefore are not actionable by Plaintiff.

**Fourth Defense**

Section 505 of the Clean Water Act unconstitutionally delegates enforcement powers granted to the Executive Branch under Article II of the United States Constitution.

**Fifth Defense**

Plaintiff's claims fail because Plaintiff lacks standing to bring this action.

**Sixth Defense**

Plaintiff cannot establish Defendants were the source or cause of the pollutants allegedly discharged into surrounding waters.

**Seventh Defense**

Any discharges of pollutants to waters of the United States that have been caused by Defendants were authorized by a National Pollutant Discharge Elimination System ("NPDES") permit.

**Eighth Defense**

Defendants' activities were supervised by and performed at the direction of government regulators that have jurisdiction over erosion and sediment control in Georgia, including the City of Columbus. Defendants were found to be compliant with the terms of their NPDES permit and/or took remedial action promptly in response to direction from regulators.

**Ninth Defense**

Plaintiff's claims and request for relief are moot because any violations of the Clean Water Act at the Old Guard Road Site, which are denied, have been remedied and could not reasonably be expected to recur.

**Tenth Defense**

Plaintiff's claims are barred because Plaintiff failed to comply with pre-suit notice requirements under the Clean Water Act and its implementing regulations.

**Eleventh Defense**

Plaintiff's claims are barred to the extent they are untimely under the applicable statute of limitations and/or doctrine of laches.

**Twelfth Defense**

Plaintiff's claims fail because the equitable or legal relief sought is improper or unavailable.

**Thirteenth Defense**

Defendants reserve the right to assert additional defenses based on further developments in this case.

**RESPONSE TO ALLEGATIONS OF THE COMPLAINT**

Without waiving any defense, Defendants respond to the specific allegations of the Complaint as follows:

1. The allegations of Paragraph 1 purport to characterize this action and otherwise constitute a legal conclusion; as such, no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

2. The allegations in the first sentence of Paragraph 2 purport to characterize this action and constitute a legal conclusion; as such, no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act. The remaining allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 purport to characterize this action and otherwise constitute a legal conclusion; as such, no response is required. To the

extent a response is required, Defendants deny this Court has subject matter jurisdiction over this action.

4. Defendants admit receiving the Notice Letter included as Exhibit 1 to the Complaint. The remaining allegations of Paragraph 4 purport to characterize the Notice Letter, which speaks for itself. To the extent a response is required, Defendants deny the Notice Letter satisfies the requirements of the Clean Water Act and its implementing regulations.

5. Defendants admit more than sixty days have passed since the Notice Letter was provided. The remaining allegations of Paragraph 5 are denied.

6. Defendants admit venue is proper in this Court. The remaining allegations of Paragraph 6 are denied.

7. Denied.

8. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 8.

9. Admitted.

10. Defendants admit SCorUSA, LLC is a foreign limited liability company subject to the jurisdiction of this Court and that can be served by personal service upon its registered agent. The remaining allegations of Paragraph 10 are denied.

11. Defendants admit Steven W. Corbett owned the Old Guard Road Site during the period stated in Paragraph 11 and that Steven W. Corbett is the sole member of SCorUSA, LLC and Aspire at Old Guard, LLC. The remaining allegations of Paragraph 11 are denied.

12. Denied.

13. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. The allegations of Paragraph 17 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

18. The allegations of Paragraph 18 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

19. The allegations of Paragraph 19 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

20. The allegations of Paragraph 20 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

21. The allegations of Paragraph 21 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act and applicable state law.

22. Admitted.

23. The allegations of Paragraph 23 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

24. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations contained in Paragraph 24.

25. Defendants admit the Chattahoochee River is a water of the State of Georgia and a water of the United States. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the remaining allegations contained in Paragraph 25.

26. Defendants deny land-disturbing activities began at the Old Guard Road Site in July 2024. The remaining allegations of Paragraph 26 are admitted.

27. Defendants admit an NOI was submitted on behalf of Steven W. Corbett on or about August 3, 2023. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the remaining allegations contained in either of the two paragraphs labeled Paragraph 27.

28. Admitted.

29. Defendants admit Steven W. Corbett is identified in NOIs as the "Facility/Construction Site Contact" and that Steven W. Corbett is the sole member of SCorUSA, LLC and Aspire at Old Guard, LLC. The remaining allegations of Paragraph 29 are denied.

30. Defendants admit Stop Work Orders were issued for the Old Guard Road Site on February 27, 2026, and April 29, 2026. The remaining allegations of Paragraph 30 are denied.

31. Defendants incorporate their responses to Paragraphs 1 through 30 as if fully set forth herein.

32. The allegations of Paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations in the first sentence of Paragraph 33 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of

the General Permit. As to the allegations in the second sentence of Paragraph 33, Defendants admit the NOIs listed "Steve Corbett Construction" as the owner of the Old Gurd Road Site. The remaining allegations of Paragraph 33 are denied.

34. The allegations of Paragraph 34 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

35. The allegations of Paragraph 35 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations of Paragraph 36 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the Clean Water Act.

37. The allegations of Paragraph 37 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

38. Defendants admit Steven W. Corbett transferred ownership of the Old Guard Road Site on or about February 19, 2025, and that no modification NOI was filed by Defendants as of the date of the Complaint. However, a modification NOI was subsequently filed naming Aspire at Old Guard, LLC as the site owner. The

remaining allegations of Paragraph 38 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations of Paragraph 39 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations of Paragraph 40 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations of Paragraph 41 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations of Paragraph 42 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations of Paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

44. The allegations of Paragraph 44 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

45. The allegations of Paragraph 45 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

46. Defendants admit the stormwater monitoring results referenced in Paragraph 46 were reported to the Georgia Environmental Protection Division ("EPD") on February 5, 2026. The remaining allegations of Paragraph 46 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

47. Defendants lack information sufficient to form an opinion regarding the truth or falsity of the allegations relating to rainfall data for the Columbus Metropolitan Airport. The remaining allegations of Paragraph 47 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations of Paragraph 48 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

49. The allegations of Paragraph 49 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations of Paragraph 50 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the General Permit.

51. The allegations of Paragraph 51 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

52. The allegations of Paragraph 52 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the General Permit.

53. The allegations of Paragraph 53 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

54. The allegations of Paragraph 54 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

55. The allegations of Paragraph 55 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny any allegation that is contrary to the text, context, or meaning of the General Permit.

56. The allegations of Paragraph 56 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

57. The allegations of Paragraph 57 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

58. The allegations of Paragraph 58 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

59. Denied.

60. Defendants incorporate their responses to Paragraphs 1 through 59 as if fully set forth herein.

61. Denied.

62. Denied.

63. The allegations of Paragraph 63 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

64. The allegations of Paragraph 64 constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

65. Denied.

## REQUEST FOR RELIEF

Having fully answered each allegation set forth in the Complaint, Defendants respectfully request this Court:

A. Deny all relief requested by Plaintiff in Paragraphs A through F, pages 21 through 22 of the Complaint;

B. Dismiss the Complaint;

C. Enter judgment in favor of Defendants; and

D. Award Defendants their costs of this action, including reasonable attorney's fees and expert witness fees, as provided by § 505(d) of the Clean Water Act, 33 U.S.C. § 1365(f), and applicable law.

Defendants further pray for a trial by jury on any disputed issue of fact.

**[SIGNATURE PAGE TO FOLLOW]**

Respectfully submitted this 26th day of August, 2026.

*/s/ Lewis B. Jones*
Lewis B. Jones
Georgia Bar No. 402498
Mathieu M. Erramuzpe
Georgia Bar No. 795208
Jones Fortuna LLC
111 New Street, Suite A
Decatur, GA 30030
Telephone: (404) 850-3835
ljones@jonesfortuna.com
merramuzpe@jonesfortuna.com

*/s/ Thomas F. Gristina*
Thomas F. Gristina
Georgia Bar No. 452454
Page, Scrantom, Sprouse, Tucker & Ford, P.C.
1111 Bay Avenue, Third Floor
PO Box 1199
Columbus, GA 31902
Telephone: (706) 324-0251
tgristina@pagescrantom.com

*Counsel for Defendants*