**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC; and STEVEN W. CORBETT,<br><br>Defendants. | ) | Civil Action File<br>No. 4:26-cv-00855-CDL |

**SCHEDULING AND DISCOVERY ORDER**

In accordance with Federal Rule of Civil Procedure ("Rule") 26(f) and the Court's Rules 16 and 26 Order (ECF 18), Plaintiff Chattahoochee Riverkeeper, Inc. and Defendants Aspire at Old Guard, LLC, SCorUSA, LLC, and Steven W. Corbett, by and through their undersigned counsel, have conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**1. Lead Counsel**

**For Plaintiff:**

Andrew Thompson
1105 W Peachtree Street NE, Suite 1000
Atlanta, GA 30309
Phone: 404-815-3500
Email: athompson@sgrlaw.com

**For Defendants:** Lewis B. Jones
111 New Street, Suite A
Decatur, GA 30030
Phone: 404-850-6138
Email: ljones@jonesfortuna.com

**2. Filing Date of Complaint and Answer**

Plaintiff's original Complaint was filed on **May 22, 2026** (ECF 2) and Plaintiff's First Amended Complaint ("Complaint") was filed on **June 16, 2026** (ECF 9). Defendants' Answer was filed on **August 26, 2026** (ECF 21).

**3. Deadline for Amending Pleadings**

Pursuant to Rule 15(a)(1), the deadline for Defendants to amend their Answer as of right is **September 16, 2026**, that being 21 days after the filing of the Answer in this case. Plaintiff is not permitted to amend its Complaint without consent or leave of the Court.

**4. Deadline for Joining Other Parties**

The parties to this case are not permitted to join other parties as of right.

**5. Discovery Deadlines**

**A. Time for Discovery**

The time for discovery shall expire on **February 22, 2027**, that being 180 days after the filing of Defendants' Answer in this case.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

**B. Scope of Discovery**

The parties intend to seek discovery related to the factual basis for Plaintiff's Clean Water Act claims, Defendants' defenses, the amount of civil penalties and other relief requested by Plaintiff, and all other discoverable information bearing on the claims in this case. The parties do not anticipate a need to conduct discovery in phases or limit discovery beyond the limitations set forth in the Federal Rules of Civil Procedure.

**C. Initial Disclosures**

The parties shall exchange initial disclosures under Rule 26(a)(1) by **September 10, 2026**.

**D. Electronically Stored Information**

The parties agree that electronically stored information ("ESI") will be produced in native format with all associated metadata intact as generated by the originating application, including without limitation the custodian, author, recipient, creation date, modification date, file path, and GPS coordinates. As discovery progresses, the parties will confer on any issues that arise related to the discovery of ESI, such as reasonable search terms, date limitations, and custodians, so as to avoid

unduly burdensome and irrelevant requests by any party. In the event any limitations are requested for which the parties cannot reach an agreement, the parties shall request a conference with the Court.

**E. Privilege Claims**

The parties agree that any responsive documents withheld or redacted on the basis of privilege or work product protection will be listed on a privilege log including the following information: identification of the sending and receiving parties; date; subject matter; and the basis of the privilege. However, the parties agree to a categorical exclusion of communication between the parties and their counsel of record after March 1, 2026, on the basis of attorney-client privilege and/or work product protection, thereby releasing the parties of an obligation to enter those communications in a traditional privilege log. The parties do not anticipate any additional issues related to claims of privilege or of protection of trial preparation materials other than those that may be addressed in a proposed protective order or clawback agreement. Should a dispute arise, the parties agree that they will confer in good faith before filing any motions related to claims of privilege.

Pursuant to Federal Rule of Evidence 502(d), the attorney-client privilege and/or work product protection is not waived by the disclosure connected with the litigation pending before the Court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

### F. Witnesses to Be Deposed

Plaintiff intends to depose the following witnesses and reserves the right to revise this list of witnesses as necessary based on discovery:

- A designated representative of Defendant Aspire at Old Guard, LLC;
- A designated representative of Defendant SCorUSA, LLC;
- Defendant Steven W. Corbett;
- Employees of Defendants including but not limited to Dan Nibblett;
- Employees of Defendants' vendors and consultants with knowledge of the Old Guard Road Site, including but not limited to Moon, Meeks & Associates, Inc. and The Erosion Company ("TEC");
- Employees of the City of Columbus with knowledge of the Old Guard Road Site;
- Expert witnesses designated by Defendant; and
- Other individuals identified by Defendant as having relevant personal knowledge relating to the subject matter of this case.

Defendants intend to depose the following witnesses and reserve the right to revise this list of witnesses as necessary based on discovery:

- A designated representative of Plaintiff;
- Standing witnesses identified by Plaintiff;
- Expert witnesses designated by Plaintiff; and

- Other individuals identified by Plaintiff as having relevant personal knowledge relating to the subject matter of this case.

The parties agree to determine mutually convenient dates and locations for any depositions.

**G. Expert Witnesses**

Plaintiff must disclose the identity of any expert witness on or before **November 24, 2026**, that being 90 days after the filing of Defendants' Answer. Defendant must disclose the identity of any expert witness on or before **December 24, 2026**, that being 120 days after the filing of Defendants' Answer. In the event Defendants designate an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional 30 days to designate a rebuttal expert witness.

Any disclosure of an expert witness retained or specially employed to provide expert testimony in the case or one whose duties as a party's employee regularly involve giving expert testimony must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B). Any disclosure of an expert witness who is not required to provide a written expert report under Rule 26(a)(2)(B) must comply with Rule 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expected to present

expert testimony, and a summary of the facts and opinions to which the witness is expected to testify.

**H. Discovery Limitations or Need for Protective Order**

Consistent with the Court's Local Rules and except with written permission of the Court first obtained, the parties agree to the following limitations on written discovery: maximum of 25 interrogatories by any party to any other party; maximum of 10 requests for production by any party to any other party; and maximum of 15 requests for admission by any party to any other party. Requests for admission that are propounded solely to authenticate documents as provided by Rule 36(a)(1)(B) shall be excluded from the number of requests for admission served by any party.

Absent leave of court or stipulation of the parties, the parties agree to the limit on number of depositions set forth in Rule 30(a).

Should protected information of Plaintiff and/or Defendants be requested during discovery, the parties may request the entry of a reasonably and narrowly tailored protective order agreed upon by the parties.

**I. Discovery Disputes**

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the parties shall meet in person and attempt in good faith to resolve the discovery dispute. If the dispute remains

unresolved and a motion is filed, counsel shall certify that they met in good faith but were nevertheless unable to resolve the dispute.

**6. Estimated Cost of Discovery**

Plaintiff's counsel estimates that the cost of discovery, including attorney's fees, will be approximately $200,000-$250,000. Defendants' counsel estimates that the cost of discovery, including attorney's fees, will be approximately $200,000.

**7. Time for Filing Motions**

**A. Dispositive Motions**

All dispositive motions must be filed no later than **April 8, 2027**, that being 45 days after the expiration of discovery in this case. Briefs in support of dispositive motions shall not exceed 20 pages unless otherwise ordered by the Court. Pursuant to Local Rule 7, respondent shall have 21 days and no more than 20 pages to respond to the dispositive motion and movant shall have 14 days thereafter and no more than 10 pages to file a reply.

**B. *Daubert* Motions**

All *Daubert* motions must be filed within 21 days after the Court's ruling on the last pending motion for summary judgment or by the deadline for motions in limine as set in an order for pretrial conference, whichever is sooner. If no summary judgment motion is filed by the date that dispositive motions are due, then any

*Daubert* motions shall be filed within 21 days after the deadline for filing dispositive motions.

The foregoing proposed order, having been jointly prepared by the parties and reviewed by the Court, is hereby adopted as the Scheduling and Discovery Order in this case.

SO ORDERED, this 2nd day of _September, 2026.

_S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE