**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.,<br><br>Plaintiff,<br>vs.<br><br>ASPIRE AT OLD GUARD, LLC, SCORUSE, LLC, and STEVEN W. CORBETT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>4:26-cv-0855-CDL |

**PLAINTIFF CHATTAHOOCHEE RIVERKEEPER, INC.'S**
**NOTICE OF INTENT TO SERVE THIRD-PARTY SUBPOENAS**

Plaintiff Chattahoochee Riverkeeper, Inc., pursuant to Federal Rule of Civil Procedure 45, hereby gives notice of its intent to serve the attached Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, on the following entities:

Moon Meeks & Associates, Inc.
100 Southern Way, Suite A
Columbus, Georgia 31904

Moon Meeks & Associates, Inc.
c/o President, Jefferson W. Keefe
100 Southern Way, Suite A
Columbus, Georgia 31904

Consolidated Resources, LLC
2029 5th Avenue
Columbus, Georgia 31904

Consolidated Resources, LLC
c/o Registered Agent, Erin Bouthiller
64 Williams Court
Midland, Georgia 31820

The Erosion Company, LLC
3207 South Cherokee Lane
Building 400, Suite 410
Woodstock, Georgia 30188

The Erosion Company, LLC
c/o Registered Agent, Scott A. Minot
Schulten Ward Turner & Weiss LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia 30303

Dated this 2nd day of October, 2026.

**SMITH, GAMBRELL & RUSSELL, LLP**


*/s/ Andrew M. Thompson*
Andrew M. Thompson
Georgia Bar No.: 707319
Laura Jimenez Garcia
Georgia Bar No.: 204355
1105 W. Peachtree Street, N.E.
Suite 1000
Atlanta, GA 30309
Tel: 404-815-3500
Fax: 404-815-3509
athompson@sgrlaw.com
ljimenezgarcia@sgrlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

CHATTAHOOCHEE RIVERKEEPER, INC.
*Plaintiff*
v.
ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC, and STEVEN W. CORBETT
*Defendant*

Civil Action No. 4:26-CV-0855-CDL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Moon Meeks & Associates, Inc.; Principal Office: 100 Southern Way, Suite A, Columbus, Georgia 31904; Registered Agent: President, Jefferson W. Keefe, 100 Southern Way, Suite A, Columbus, Georgia 31904

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records described in Exhibit A.

| Place: Smith, Gambrell & Russell, LLP<br>1105 W. Peachtree St. NE, Suite 1000<br>Atlanta, GA 30309 | Date and Time:<br>10/19/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/02/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

Andrew M. Thompson
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Chattahoochee Riverkeeper, Inc. , who issues or requests this subpoena, are:

Andrew M. Thompson, athompson@sgrlaw.com, 404-815-3500, Smith, Gambrell & Russell, LLP, 1105 W Peachtree Street, NE, Suite 1000 Atlanta, GA 30309

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

When used in this Subpoena, the term "document" or "documents" mean any written or graphic matter, however produced or reproduced, of any kind or description, including originals, copies, and drafts and both sides thereof, and including but not limited to, writings, drawings, graphs, charts, correspondence, letters, telegrams, cables, text messages, emails, memoranda, notes or notations, work papers, intra-office and intra-departmental communications, transcripts, notes and minutes of telephone or other conversations, or of conferences or meetings, opinions, reports, studies, analyses, evaluations, sampling and/or test results, contracts, licenses, agreements, desk calendars, appointment books, diaries, lists, tabulations, summaries, maps, surveys, photographs, phone records and other data compilations from which information can be obtained, translated if necessary, through detection devices into reasonably usable form, video and/or sound recordings, audio tapes or any other electronically stored information in whatever form including internal or external hard drives, USB flash drives, computer tapes, disks, or diskettes, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing however denominated. Any document herein requested that has been in any way altered from its original form by the addition of hand or

typewritten messages, notations, comments, sketches, post-its, or deletions shall be considered a separate document to be produced in response to this Subpoena.

As used herein, the term "the Site" shall mean the facility and property located at 2010 Old Guard Road, Columbus, Georgia 31909.

As used herein, the term "MM&A" shall mean Moon, Meeks & Associates, Inc. and all employees, agents, and representatives of MM&A.

Unless otherwise stated, each request seeks all responsive documents within MM&A's possession, custody, or control.

The documents to be produced are as follows:

1. The entire hard copy and electronic files of MM&A and its employees related to, identifying or concerning the Site, including but not limited to correspondence, bills, invoices for work performed, reports, draft reports, notes, lab reports, consent orders, permit applications, permits, emails, notes or reports of site visits, inspections, investigations, alleged violations, corrective actions, remediations, enforcement matters, and any other correspondence.
2. All reports, memoranda or other documents and things generated by, referred to, utilized by or relied upon by MM&A relating to the Site.
3. Any and all documents relating to the status of compliance of the Site with any governmental permits, including but not limited to storm water requirements.
4. Any and all documents and/or communications, including emails, between MM&A and the representatives, owners, or employees of (a) Aspire at Old Guard, LLC; (b) SCorUSA, LLC; (c) Steven W. Corbett;

(d) Jones Fortuna LLC; (e) Page, Scranton, Sprouse, Tucker & Ford, P.C.; or (f) any third party (including any public official or governmental agency) concerning the Site, including but not limited to correspondence, electronic mail, bills, invoices for work performed, reports, notes, consent orders, permit applications, permits, emails, warning notices, notices of violation, notes or reports of site visits, inspections, and investigations, and any other correspondence.

5. All photographs, drawings, depictions, diagrams, blueprints, plans, videos, and other written, graphic, photographic, or schematic representations of the Site.

6. All invoices generated by MM&A relating to the Site.

7. All of MM&A's internal communications, including emails, relating to the Site.

Civil Action No. 4:26-CV-0855-CDL

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
__________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ________________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

__________________________________________
*Server's signature*

__________________________________________
*Printed name and title*

__________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.<br>*Plaintiff*<br>v.<br>ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC, and STEVEN W. CORBETT<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:26-CV-0855-CDL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Consolidated Resources, LLC; Principal Office: 2029 5th Avenue, Columbus, Georgia 31904; Registered Agent: Erin Bouthillier, 64 Williams Court, Midland, Georgia 31820

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records described in Exhibit A.

| Place: Smith, Gambrell & Russell, LLP<br>1105 W. Peachtree St. NE, Suite 1000<br>Atlanta, GA 30309 | Date and Time:<br>10/19/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/02/2026

*CLERK OF COURT*

_______________________ OR Andrew M. Thompson

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Chattahoochee Riverkeeper, Inc. , who issues or requests this subpoena, are:

Andrew M. Thompson, athompson@sgrlaw.com, 404-815-3500, Smith, Gambrell & Russell, LLP, 1105 W Peachtree Street, NE, Suite 1000 Atlanta, GA 30309

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

When used in this Subpoena, the term “document” or “documents” mean any written or graphic matter, however produced or reproduced, of any kind or description, including originals, copies, and drafts and both sides thereof, and including but not limited to, writings, drawings, graphs, charts, correspondence, letters, telegrams, cables, text messages, emails, memoranda, notes or notations, work papers, intra-office and intra-departmental communications, transcripts, notes and minutes of telephone or other conversations, or of conferences or meetings, opinions, reports, studies, analyses, evaluations, sampling and/or test results, contracts, licenses, agreements, desk calendars, appointment books, diaries, lists, tabulations, summaries, maps, surveys, photographs, phone records and other data compilations from which information can be obtained, translated if necessary, through detection devices into reasonably usable form, video and/or sound recordings, audio tapes or any other electronically stored information in whatever form including internal or external hard drives, USB flash drives, computer tapes, disks, or diskettes, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing however denominated. Any document herein requested that has been in any way altered from its original form by the addition of hand or

typewritten messages, notations, comments, sketches, post-its, or deletions shall be considered a separate document to be produced in response to this Subpoena.

As used herein, the term "the Site" shall mean the facility and property located at 2010 Old Guard Road, Columbus, Georgia 31909.

As used herein, the term "CR" shall mean Consolidated Resources, LLC and all employees, agents, and representatives of CR.

Unless otherwise stated, each request seeks all responsive documents within CR's possession, custody, or control.

The documents to be produced are as follows:

1. The entire hard copy and electronic files of CR and its employees related to, identifying or concerning the Site, including but not limited to correspondence, bills, invoices for work performed, reports, draft reports, notes, lab reports, consent orders, permit applications, permits, emails, notes or reports of site visits, inspections, investigations, alleged violations, corrective actions, remediations, enforcement matters, and any other correspondence.
2. All reports, memoranda or other documents and things generated by, referred to, utilized by or relied upon by CR relating to the Site.
3. Any and all documents relating to the status of compliance of the Site with any governmental permits, including but not limited to storm water requirements.
4. Any and all documents and/or communications, including emails, between CR and the representatives, owners, or employees of (a) Aspire at Old Guard, LLC; (b) SCorUSA, LLC; (c) Steven W. Corbett; (d)

Jones Fortuna LLC; (e) Page, Scranton, Sprouse, Tucker & Ford, P.C.; or (f) any third party (including any public official or governmental agency) concerning the Site, including but not limited to correspondence, electronic mail, bills, invoices for work performed, reports, notes, consent orders, permit applications, permits, emails, warning notices, notices of violation, notes or reports of site visits, inspections, and investigations, and any other correspondence.

5. All photographs, drawings, depictions, diagrams, blueprints, plans, videos, and other written, graphic, photographic, or schematic representations of the Site.
6. All invoices generated by CR relating to the Site.
7. All of CR's internal communications, including emails, relating to the Site.

Civil Action No. 4:26-CV-0855-CDL

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.<br>*Plaintiff*<br>v.<br>ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC, and STEVEN W. CORBETT<br>*Defendant* | Civil Action No. 4:26-CV-0855-CDL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Erosion Company, LLC, c/o Wilson Bordon, CEO, 3207 S.Cherokee Lane, Ste. 410, Woodstock, GA 30188; Registered Agent: Scott A. Minot, Schulten Ward Turner Weiss, 260 Peachtree St, NW #2700, Atlanta, GA 30303

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all records described in Exhibit A.

| Place: Smith, Gambrell & Russell, LLP<br>1105 W. Peachtree St. NE, Suite 1000<br>Atlanta, GA 30309 | Date and Time:<br>10/19/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/02/2026

*CLERK OF COURT*

OR Andrew M. Thompson

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Chattahoochee Riverkeeper, Inc., who issues or requests this subpoena, are:

Andrew M. Thompson, athompson@sgrlaw.com, 404-815-3500, Smith, Gambrell & Russell, LLP, 1105 W Peachtree Street, NE, Suite 1000 Atlanta, GA 30309

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT "A"

When used in this Subpoena, the term “document” or “documents” mean any written or graphic matter, however produced or reproduced, of any kind or description, including originals, copies, and drafts and both sides thereof, and including but not limited to, writings, drawings, graphs, charts, correspondence, letters, telegrams, cables, text messages, emails, memoranda, notes or notations, work papers, intra-office and intra-departmental communications, transcripts, notes and minutes of telephone or other conversations, or of conferences or meetings, opinions, reports, studies, analyses, evaluations, sampling and/or test results, contracts, licenses, agreements, desk calendars, appointment books, diaries, lists, tabulations, summaries, maps, surveys, photographs, phone records and other data compilations from which information can be obtained, translated if necessary, through detection devices into reasonably usable form, video and/or sound recordings, audio tapes or any other electronically stored information in whatever form including internal or external hard drives, USB flash drives, computer tapes, disks, or diskettes, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic or mechanical means, and papers and things similar to any of the foregoing however denominated. Any document herein requested that has been in any way altered from its original form by the addition of hand or

typewritten messages, notations, comments, sketches, post-its, or deletions shall be considered a separate document to be produced in response to this Subpoena.

As used herein, the term "the Site" shall mean the facility and property located at 2010 Old Guard Road, Columbus, Georgia 31909.

As used herein, the term "TEC" shall mean The Erosion Company and all employees, agents, and representatives of TEC.

Unless otherwise stated, each request seeks all responsive documents within TEC's possession, custody, or control.

The documents to be produced are as follows:

1. The entire hard copy and electronic files of TEC and its employees related to, identifying or concerning the Site, including but not limited to correspondence, bills, invoices for work performed, reports, draft reports, notes, lab reports, consent orders, permit applications, permits, emails, notes or reports of site visits, inspections, investigations, alleged violations, corrective actions, remediations, enforcement matters, and any other correspondence.
2. All reports, memoranda or other documents and things generated by, referred to, utilized by or relied upon by TEC relating to the Site.
3. Any and all documents relating to the status of compliance of the Site with any governmental permits, including but not limited to storm water requirements.
4. Any and all documents and/or communications, including emails, between TEC and the representatives, owners, or employees of (a) Aspire at Old Guard, LLC; (b) SCorUSA, LLC; (c) Steven W. Corbett;

(d) Jones Fortuna LLC; (e) Page, Scranton, Sprouse, Tucker & Ford, P.C.; or (f) any third party (including any public official or governmental agency) concerning the Site, including but not limited to correspondence, electronic mail, bills, invoices for work performed, reports, notes, consent orders, permit applications, permits, emails, warning notices, notices of violation, notes or reports of site visits, inspections, and investigations, and any other correspondence.

5. All photographs, drawings, depictions, diagrams, blueprints, plans, videos, and other written, graphic, photographic, or schematic representations of the Site.

6. All invoices generated by TEC relating to the Site.

7. All of TEC's internal communications, including emails, relating to the Site.

Civil Action No. 4:26-CV-0855-CDL

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I hereby certify that I served Chattahoochee Riverkeeper, Inc.'s Notice of Intent to Serve Third-Party Subpoenas today by filing it into the case docket using the Court's CM/ECF system, which will automatically notify all counsel of record.

Respectfully submitted this 2nd day of October, 2026.

*/s/ Andrew M. Thompson*
Andrew M. Thompson
Georgia Bar No.: 707319
*Attorney for Plaintiff*