**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ASPIRE AT OLD GUARD, LLC; SCORUSA, LLC; and STEVEN W. CORBETT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No.<br>4:26-cv-00855-CDL |

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

WHEREAS, Defendants have been requested to produce documents with financial information that is confidential;

WHEREAS, the parties, by and through counsel, have stipulated and agreed that the following stipulation and protective order regarding confidential information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, and any other information produced, given, or exchanged by and among the parties to the above-captioned actions (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

WHEREAS, any person or entity who produces any Discovery Material, and any person or entity who generated or has rights in any Discovery Material, shall be referred to herein as a "Producing Party."

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that:

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). For purposes of this Stipulation and Order, information considered to be Confidential Discovery Material includes all non-public materials containing information related to: trade secrets; proprietary business information including but not limited to studies or analyses by internal or outside experts; financial data (*e.g.*, cost, pricing, profit, loss and direct and indirect rate data); tax data; financial or business plans or projections; financial results or data; or other commercially or personally sensitive or proprietary information.

2. Any Producing Party may also apply to the Court for an order to supplement the foregoing categories of Confidential Discovery Material or to designate particular documents not within the foregoing categories as Confidential

Discovery Material. The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation.

3. Discovery Material, or information derived therefrom, shall be used solely for the purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business, proprietary, or commercial purpose.

4. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

a. in the case of documents, by counsel for the Producing Party providing notice in writing that the documents or electronic materials being produced are being designated as "Confidential" or by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material

b. in the case of exhibits, briefs, memoranda, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material; and

c. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, at the time of or immediately following such disclosure; or (ii) by written notice, sent by such counsel to all parties within thirty (30) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All depositions shall be treated in their entirety as Confidential for a period of thirty (30) business days after receipt of the transcript. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

5. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made

available in whole or in part only to the following persons, subject to the limitations and requirements of paragraph 6:

a. counsel for parties that have appeared in the Litigation, and employees of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

b. experts or consultants and their employees and clerical assistants, retained by any party for the purpose of testifying or rendering assistance or providing opinions in the Litigation;

c. witnesses or deponents and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in the Litigation;

d. the parties;

e. any director, officer, or employee of a party or its parent, subsidiary, or related company who is requested by that party or its attorneys to work on the Litigation, and any professional employee of any person providing professional advice to any of the parties;

f. the Court and its employees and staff and supporting personnel, including, but not limited to, law clerks, jurors, and alternative jurors, pursuant to paragraph 7 of this Stipulation and Order;

g. court reporters employed in connection with this Litigation;

h. any other person only upon order of the Court or upon written stipulation of the Producing Party.

6. Confidential Discovery Material may be provided to persons listed in paragraph 5 above only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of this Stipulation and Order and signs a commitment, in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder. Such commitments shall be retained in the files of the counsel disclosing the Confidential Discovery Material.

7. All filings shall be a matter of public record and shall be sealed from public disclosure only in limited circumstances by order of the Court. The designation of material as Confidential Discovery Material under this Stipulation and Order does not, by itself, entitle any party to have that material filed under seal. If a party plans to use Confidential Discovery Material in conjunction with a motion, hearing, or trial, the following process applies:

a. The party planning to use Confidential Discovery Material shall notify the party who designated it, in writing and identifying the specific material,

at least fourteen (14) days before the motion, opposition, hearing, or pretrial conference.

b. Within seven (7) days after receiving the notice, the designating party shall either consent to public disclosure of the material or file a motion to seal demonstrating a compelling reason why the material should be filed under seal. A designating party that plans to make a filing relying on its own Confidential Discovery Material that it wishes to file under seal shall file its motion to seal at least seven (7) days before that filing.

c. Any response to a motion to seal shall be filed within seven (7) days after the motion to seal is filed.

d. Any motion to seal must be filed on the public docket. Briefs in support of or in opposition to the motion to seal, along with exhibits thereto, may be filed with restricted access so that they are accessible only by the Court and the opposing party, and the parties must contemporaneously file redacted versions of the briefs on the public docket.

e. Until the Court has ruled on the motion to seal, a party filing a document that includes the Confidential Discovery Material at issue shall file the document with restricted access so that it is accessible only by the Court and the opposing party and shall simultaneously file on the public docket a copy that redacts the Confidential Discovery Material. The restricted access version shall

highlight in yellow the portions that are redacted from the publicly filed version. If the motion to seal is denied, the Court will direct the Clerk to un-restrict the restricted filing.

8. This Stipulation and Order has no effect upon, and shall not apply to, the Producing Parties' use of their own Confidential Discovery Material, except as provided in paragraph 7(b).

9. Failure to designate any information as Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted before the start of trial in this action. At such time, arrangements shall be made for the return to the Producing Party of all copies of documents inadvertently not designated as Confidential and the substitution, where appropriate, of properly labeled copies. Disclosure of Confidential Discovery Material prior to later designation as provided in this paragraph 9 shall not be a violation of this Order.

10. Any party who wishes to challenge the propriety of the designation of Discovery Material as "Confidential" may do so by providing written notice to the Producing Party. The notice shall (a) attach a copy of each "Confidential" document subject to challenge, or shall identify such document by production number or other appropriate designation, and state that the challenging party objects to the designation of such document as "Confidential" and (b) set forth the

reason for such objection. The objecting party and the Producing Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting party may seek a decision from this Court with respect to the propriety of the designation. The Confidential Discovery Material will continue to be protected by the terms of this Stipulation and Order until the Court orders otherwise.

11. Entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

a. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d. prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Discovery Material should be subject to the terms of this Stipulation and Order; and

e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information.

12. If information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose, except in good faith to dispute the claim of privilege or work product. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production.

13. Nothing in this Stipulation and Order shall preclude any party or Producing Party from complying with a subpoena, request or regulatory obligation from a governmental agency requesting production of Confidential Discovery

Material; provided, however, that counsel for the Producing Party shall be given notice of such a subpoena, request or regulatory obligation to or from a governmental agency within seven (7) business days of receipt thereof by the party receiving the subpoena or request and at least seven (7) business days prior to production of any Confidential Discovery Material. If the Producing Party files a motion for protective order in this Court, or in any other court of competent jurisdiction, then the party that received the subpoena or request will advise the governmental agency of this agreement and seek an Order of Court permitting the party to await a court ruling on the motion before producing the subpoenaed or requested documents or information.

14. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, for good cause shown, by attempting to obtain the other parties' consent to such modification, and then, absent consent, by application to this Court. This remedy includes the right to seek a determination that documents or information are not Confidential.

15. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without

limitation any appeals therefrom. After receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals or expiration of time for appeals, the Producing Party may request in writing that all persons having received Confidential Discovery Material destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. However, subject to the terms of this Stipulation and Order, the parties and their counsel may retain copies of briefs and other papers that contain or constitute such Confidential Information, including correspondence among counsel, deposition transcripts, trial exhibits of record, and other attorney's work product (excluding copies of any annexed materials that have been designated as Confidential Information). Any such documents shall continue to be treated as Confidential Discovery Material, as appropriate, pursuant to the terms of this Stipulation and Order.

16. In the event that any Confidential Discovery Material is used in any Court proceeding in the Litigation or any appeal therefrom, subject to the applicable Court rules, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Nothing in this Stipulation and Order shall be construed to prevent a Producing Party who has designated material as Confidential Discovery Material from agreeing to release

any such material or information from the requirements of this Order. A Producing Party's rights pursuant to this Stipulation and Order may only be waived by a writing clearly evidencing an intent to waive such rights.

17. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of material obtained by such party or witness independent of discovery in this litigation, whether or not such material is also obtained through discovery in this litigation.

IT IS SO ORDERED this 8th day of October, 2026.

S/Clay D. Land
CLAY D. LAND
United States District Judge